LUKE LOGAN, Guardian, Appellant, v. HENRY McCAHAN, Clerk.

**Money Due Estate:** PAYMENT BY CLERK TO ATTORNEY FOR EXECUTOR.
1   A final report of co-executors, L and M, was approved on "condition that said M pay over to the clerk of the district court" the sum in his hands as shown by the report. It was further ordered that L, "as executor of said estate, is hereby directed and empowered to proceed against the said M for the collection of said amount." L began attachment against M the next day, and the following day M paid said sum and the costs to the clerk, who entered on the court's order for payment, that he had received from M "the amount in his hands as shown by his report as executor, * * * pursuant to the foregoing order." On demand of L's attorney in the attachment suit, the clerk paid the three hundred and sixty-four dollars to the attorney, who failed to account for it. *Held*, that such payment was not justified, and the clerk was liable to the owner of the fund.

**Objections Below.** An objection to the method of adjudication can-
2   not be first raised on appeal.

*Appeal from Monroe District Court.*—HON. T. M. FEE, Judge.

MONDAY, MAY 17, 1897.

LUKE LOGAN and John Morrison were co-executors of the estate of John Logan, deceased, who left surviving certain minor heirs. In December, 1891, the executors filed their joint final report, which showed the separate accountings of the executors. Such proceedings were had thereon that

December 3, 1894, the court found that there were
in the hands of John Morrison the sum of three
hundred and sixty-four dollars, belonging to the
estate, and the sum of three dollars and forty-five
cents due Luke Logan from the estate, and on that
day the court entered the following order: "It is
further ordered and adjudged that the final report of
the said executors be approved upon payment of $3.45
to Luke Logan, and upon the condition that the said
John Morrison pay over to the clerk of the district
court the sum of $364, the amount of the sum in his
hands as shown by said report. It is further ordered
and adjudged by the court that Luke Logan, as execu-
tor of said estate, is hereby directed and empowered
to proceed against the said John Morrison for the
collection of said amount. Signed in open court
this third day of December, 1894. W. D. Tisdale,
Judge Second Judicial District." In pursuance of
the order, Luke Logan, on December 4, 1894, com-
menced a suit in attachment against John Morrison
in the district court, praying judgment for the
amount. On the fifth day of December, 1894, John
Morrison paid the three hundred and sixty-four dol-
lars, with the costs of the suit, to the clerk of the
court, and the clerk gave to Morrison the following
receipt: "Received, December 5, 1894, of John Morri-
son, defendant, the sum of three hundred and
sixty-four dollars as principal, and the further
sum of nine and ninety hundredths dol-
lars costs. See opposite fee bill. Henry McCa-
han, Clerk." Morrison & McGrath were attorneys
for Luke Logan in the suit commenced against
John Morrison. On the same day, Ed. Morrison, of
the firm of Morrison & McGrath, demanded the money
of the clerk, who paid it to him, taking a receipt
therefor, signed by Morrison & McGrath. The money
was never paid to Logan. Luke Logan, having been

appointed as guardian for the minor heirs, filed his written motion, as guardian, reciting the fact that the money had been paid to the clerk by John Morrison, as ordered by the district court, and asked the court to order the clerk to pay over the three hundred and sixty-four dollars to him as guardian. The clerk, as defendant, answered, reciting the facts, including the proceedings in the attachment suit; that the cause of action was discharged by the payment of said money, and the receipt for the money was entered in the appearance docket. At the time the money was paid in by John Morrison, the clerk wrote on the order, made by the court for the payment of the money by Morrison, a receipt as follows: "$364.00. Received December 5, 1894, of John Morrison, three hundred and sixty-four dollars, the amount in his hands as shown by his report as executor of John Logan, deceased, pursuant to the foregoing order. Henry McCahan, Clerk." Some evidence was taken, but there is nothing to change the legal inference from the facts stated. The district court denied the order for the payment of the money, and the plaintiff appealed.—*Reversed.*

*T. B. Perry* for appellant.

*W. A. Nichol* for appellee.

Granger, J.—I. It should be stated at the outset that no one impugns the good faith of the clerk in paying the money to Ed. Morrison. In fact, good faith is conceded. By way of caution, many facts have been brought into the record, most of which we have omitted from our statement, that are unimportant in the consideration of the case. Much importance is attached to the fact of the attachment suit, and that Morrison & McGrath were attorneys therein for Luke

Logan. It is the claim of appellant that because of the order of the court that the money should be paid to the clerk, and the order for Luke Logan to proceed to collect it, neither Logan nor his attorneys had any right to receive the money from Morrison, nor, after it was paid to the clerk, to take it from him. On the other hand, appellee contends that the suit was one for collection of the money by Logan, who had the right to receive it, and, as Morrison & McGrath were his attorneys, they had the same right, and reliance is placed on sub-division 3 of section 213 of the Code. The section is as to the powers of attorneys, and the third sub-division is as follows: "To receive money claimed by his client in an action or proceeding during the pendency thereof, or afterwards, unless he has been previously discharged by his client, and upon payment thereof, and not otherwise, to discharge the claim, or acknowledge satisfaction of the judgment." We may set at rest some of the contentions if we treat the case as if Morrison & McGrath had the same power to receive the money as had Logan himself from Morrison; and, had the money been paid by Morrison to Logan on the day it was paid to the clerk, we have no doubt that it would have been such a payment as would have relieved Morrison from further payment. The order to Logan was to "proceed against the said Morrison for the collection of said amount." We construe that to authorize Logan to collect the money and pay it to the clerk. We think the provision of the statute, as to the power of attorneys, authorized Logan's attorneys to act for him in so doing, and with like effect. There is no room for doubt that, in any event, the money must be paid to the clerk, under the orders of the court. Nothing in the order to Logan to proceed to collect the money changed the effect of the prior order as to where the money was to be placed. When placed there, the

accounts of both executors were closed, and, by operation of law, their future report stood approved. Thereafter neither had authority to proceed as executor, except by order of the court. The legal inference of a final settlement is a cessation of authority to further act in the way of administrative duties. Had the money been paid to the clerk by Morrison upon the order of the court being made therefor, without any order to Logan to collect it, we think no one would claim that, with the final reports of the executors thus approved, either Logan or Morrison would have had any authority to withdraw it, nor do we think that, under that state of facts, the clerk would have permitted it. It is, then, simply a question of how the attachment suit affects the situation. That does not seem to us a difficult question. The object of the order for Logan to collect, and of the suit in pursuance of it, was to bring the money to the clerk. When the money was in the hands of the clerk, whether placed there by Morrison or by Logan, the order of the court was satisfied. The taking of the money from the clerk was in violation, rather than in pursuance, of the orders of the court. As soon as the money was paid, the authority of Logan and of his attorneys ceased. The taking of the money from the clerk was taking it from the place where Logan and his attorneys were required to place it, if they had it. The power given to attorneys by section 213 of the Code is to enable them to take and place money where it belongs, and not to remove it therefrom. We attach importance to the fact that Morrison himself paid the money into court, taking the receipt of the clerk therefor, indorsed on the order of the court for its payment, and that Morrison intended the money to be applied in final settlement of the estate; and the clerk, in making the indorsement, must have known the purpose of the payment.

Much importance is attached to the fact that Logan was, by the order of the court in making the collection, an executor. It is true he was, but it was as to money for which he was not liable. His accounts had been settled. This was money held by Morrison for which Logan, as executor, was not liable. Code, section 2478. After the money was in the hands of the clerk, Logan, as executor, had no more right to remove it than had Morrison, who was also executor. The case in this respect is plain. It is further to be said that if this money was delivered because Logan was executor, independent of his duty to collect it under order of the court, then Morrison & McGrath were not his attorneys, and Logan never received the money from them, and is not bound by their acts.

II. The point is made that the court had no jurisdiction to try the case in such a summary manner. It does not present a jurisdictional question. Conceding there is a question as to the proper remedy, the defendant, without objection, submitted to the method of adjudication adopted, and the question of the regularity of the procedure cannot be first raised in this court. We think the motion for the order should have been sustained.— REVERSED.